**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

MELISSA CHANDLER,

                    Plaintiff,

v.                                         CIVIL ACTION NO.   3:14-27340

ULTIMATE HEALTH SERVICES, INC.,

                    Defendant.

**ORDER**

Pending before the Court is Plaintiff Melissa Chandler's Motion to Remand (ECF No. 5) and Defendant Ultimate Health Services, Inc.'s Motion to Dismiss. ECF No. 7.   For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand and **DENIES AS MOOT** Defendant's Motion to Dismiss.

**I.
FACTS**

On September 24, 2014, Plaintiff filed a Complaint in the Circuit Court of Cabell County.   In her Complaint, Plaintiff alleges that she began working for Defendant on June 13, 2011, as a Certified Nuclear Medicine Technologist.   During her tenure, Plaintiff claims that she witnessed illegal and highly dangerous activities of other employees with respect to patient care. Plaintiff states she reported these activities to her supervisor.   In addition, Plaintiff asserts her supervisor instructed her to violate medication protocols.

On September 25, 2013, Plaintiff was fired from her job.  Plaintiff alleges her termination was due, at least in part, to her reporting of these activities.  As a result, Plaintiff asserted three causes of actions in her original Complaint:  Count One is for the "Tort of Outrage," Count Two is for "Wrongful Termination in Violation of Public Policy," and Count Three is for "Retaliatory Discharge."  Although Plaintiff did not set forth an *ad damnum* clause requesting a specific dollar amount in damages, she sought damages for both past and future lost wages and benefits, and damages for "humiliation, annoyance, inconvenience, embarrassment, fear, emotional and mental distress, financial hardship and loss of personal dignity." *Compl.* at ¶ 29, in part.   In addition, Plaintiff requested punitive damages for Defendant's outrageous conduct and "reckless indifference as to . . . [her] civil rights and West Virginia public policy[.]" *Id.* at ¶31.

On October 28, 2014, Defendant removed the action to this Court based upon diversity. 28 U.S.C. §§ 1332, 1441, and 1446.   Plaintiff then moved to remand the action to state court, and Defendant moved to dismiss.  On November 17, 2014, Plaintiff filed an Amended Complaint.   In her Amended Complaint, Plaintiff recharacterizes her claims in two counts. Count One is for "*Harless* Retaliatory Discharge,"[1]  and Count Two is for "Intentional Infliction of Emotional Distress."   In her Prayer for Relief, Plaintiff seeks damages "for all monetary and/or economic damages including but not limited to, medical bills, and the loss of past and future income, wages, compensation, seniority and other benefits of employment." *Am. Compl.* ¶A.   In addition, she seeks punitive damages and damages for, inter alia, her emotional distress, "harm to her professional and personal reputation and loss of career fulfillment." *Id.* at ¶¶B-E.

---

[1]*Harless v. First Nat'l Bank*, 246 S.E.2d 270 (W. Va. 1978).

## II.
## DISCUSSION

This Court has original jurisdiction over all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.   In the Motion to Remand, Plaintiff does not dispute that diversity of citizenship exists.   However, she claims that Defendant has failed to demonstrate that the amount in controversy exceeds $75,000.

In considering whether the jurisdictional minimum has been met, the removing party has the burden to establish federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).   In *Francis v. Allstate Ins. Co.*, 709 F.3d 362 (4th Cir. 2013), the Fourth Circuit explained that

> [t]he removability of a case "depends upon the state of the pleadings and the record at the time of the application for removal . . . ." *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216, 26 S. Ct. 161, 50 L.Ed. 441 (1906); *Pullman Co. v. Jenkins*, 305 U.S. 534, 538, 59 S. Ct. 347, 83 L.Ed. 334 (1939).   If diversity of citizenship, under 28 U.S.C. § 1332(a), provides the grounds for removal, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. . . ." 28 U.S.C. § 1446(c)(2).   If a complaint "does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

709 F.3d at 367.   In order to satisfy its burden, "a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000.   Rather, the defendant seeking removal must supply evidence to support his claim regarding the amount at issue in the case." *Sayre v. Potts*, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999) (citations omitted).[2]

---

[2]*Abrogated on other grounds by Scaralto v. Ferrell*, 826 F. Supp.2d 960, 967 (S.D. W. Va.

Although this Court must strictly construe the removal statute, the Court does not leave its "common sense behind" in deciding whether a removing party has met its burden. *Mullins v. Harry's Mobile Homes*, 861 F. Supp.2d 22, 24 (S.D. W. Va. 1994).  When the amount in controversy is not apparent on the face of a complaint, the "court may consider a number of factors, including: "the type and extent of the plaintiff's injuries and possible damages recoverable therefore, including punitive damages if appropriate." *Scaralto v. Ferrell*, 826 F. Supp.2d 960, 964 (S.D. W. Va. 2011).  "Properly analyzed, a court is not to use this information to estimate the amount a jury would award the plaintiff assuming he prevails, but rather to estimate what a reasonable plaintiff would demand or claim.  If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof." *Id*. at 968 (footnote and citation omitted).

In this case, Plaintiff asks for lost past and future wages.  When Defendant removed this action, it attached a Declaration by Mark Morgan, Defendant's Chief Executive Officer.  In the Declaration, Mr. Morgan states that, at the time of her termination, Plaintiff was a full-time employee, working a standard forty-hour workweek, and earning $24.85 per hour. *Dec. of Mark Morgan*, ECF No. 1-2.  He further states that Plaintiff earned federal wages in the amount of $45,332.02 in 2012 and $34,443.99 in 2013 (as of September 25, 2013, the day she terminated).  She also received various employee benefits, including a 401(k) retirement savings plan. *Id*.  Based upon her earning history, Defendant asserts in its Notice of Removal that Plaintiff's lost past earnings at that point exceeded $45,000.[3]  When this amount is coupled with even a 1:1 punitive

---

2011).

[3]In its Opposition to Plaintiff's Motion to Remand, Defendant calculates the back wages more precisely as $51,688 as of September 24, 2014.

-4-

damages award, Defendant asserts the amount in controversy easily exceeds the jurisdictional threshold--before the Court even considers any additional damages Plaintiff claims.

In her Motion to Remand, however, Plaintiff argues that nowhere on the face of her Complaint does she specifically request one-year's lost wages.   Although Plaintiff is technically correct, she does not deny that she is seeking at least a year of back wages, and she is strategically silent about the matter.   In addition, she does not make any argument that Defendant's position is inaccurate because she has mitigated her damages by accepting other employment.   Clearly, if she has mitigated her damages, Plaintiff would be aware of this fact and could have easily asserted it in support of her motion to remand.

Moreover, in her Complaint, Plaintiff expressly requests both past and *future* lost wages, indicating an ongoing loss of wages beyond the date she filed her Complaint.   She further claims in her original Complaint that Defendant's decision to fire her for disclosing fraud and dangerous patient care was extreme, outrageous, and retaliatory, and violated public policies protecting whistleblowers.   As a result, Plaintiff's claim is not just for lost past and future wages and benefits, but includes a request for an award for "humiliation, annoyance, inconvenience, embarrassment, fear, emotional and mental distress, financial hardship and loss of personal dignity[,]" and punitive damages. *Compl.*  ¶¶29 & 31.   In light of the serious nature and gravity of these allegations, the Court has no difficulty determining a reasonable plaintiff would demand or claim more than $75,000 in total damages.   Therefore, the Court finds that Defendant has shown by a preponderance of the evidence that the jurisdictional amount is met, and **DENIES** Plaintiff's Motion to Remand.

Turning next to Defendant's Motion to Dismiss, Plaintiff filed an Amended Complaint after Defendant filed its motion.  As Defendant's motion refers to the original Complaint, which no longer is in effect, the Court **DENIES** Defendant's Motion to Dismiss **AS MOOT**.

### III.
### CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and **DENIES AS MOOT** Defendant's Motion to Dismiss.


The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        February 9, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE